UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL ALLEN,

                Plaintiff,                Civil Action No.:_____

    -against-                       **COMPLAINT**

THE CITY OF NEW YORK , POLICE OFFICER
KAMAL DAHIB, SHIELD #24254, AND POLICE
OFFICER SOTO GERMOSEN, SHIELD #22475,
AND  OTHER UNIDENTIFIED NEW YORK CITY
POLICE OFFICERS, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY                  **JURY TRIAL DEMAND**

                 Defendants
------------------------------------------------------------X

      Plaintiff by his attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

### PRELIMINARY STATEMENT

     1.    This is a civil action against the City of New York, The City of New York, Police Officer Kamal Dahib, Police Officer Soto Germosen and  unidentified New York City Police Officers, to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, unlawful imprisonment, abuse of process and violations of police and public duties and obligations.

### JURISDICTION

     2.    This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiff further invoke the supplemental jurisdiction of this Court to hear and decide

claims arising under state law.

3. These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

## PARTIES

5. That the plaintiff, MICHAEL ALLEN, is a New York State resident.

6. At all times hereinafter mentioned, the defendant CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants, Police Officer Kamal Dahib, Police Officer Soto Germosen and unidentified New York City Police Officers, were acting for, and in furtherance of the business of their employer and within the scope of their employment.

7. That at all times hereinafter mentioned, the individual defendant(s) Police Officer Kamal Dahib, Police Officer Soto Germosen and other unidentified Police Officers, were employed by the defendant, **CITY OF NEW YORK**, and were duly sworn police officers of said department (NYPD) and members of its police department and were acting under the supervision of said department and according to their official duties.

8. That at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the **NEW YORK CITY POLICE DEPARTMENT (NYPD)**, including all the police officers thereof.

9. Defendant, The city of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department authorized to perform all functions of a police department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation- the City of New York.

10. Each and all of acts of the defendants alleged herein were done by the defendants, while acting as state actors acting under the color of law and within the scope of their employment by defendant THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the defendant THE CITY OF NEW YORK.

12. Each defendant officer is being sued in both their individual and official capacities.

13. That this action is commenced within three (3) years from when said action arose.

## STATEMENT OF FACTS

14. On March 27, 2014, at approximately 9:35 p.m. and thereafter in the vicinity of East 172nd Street and Southern Boulevard, in the County of the Bronx and State of New York, the plaintiff was seized without probable caused by Defendants, Police Officer Kamal Dahib, Police Officer Soto Germosen of the New York City Police Department .

15. That the plaintiff was taken out of his vehicle, seized and arrested all without probable cause.

16. That the plaintiff had not offered money to anyone for purposes of having sex.

17. That the defendant Police Officers were well aware of the fact that plaintiff had not committed any crime.

18. That the Police had an audio tape which clearly indicates plaintiff's innocence.

19. Plaintiff was unlawfully imprisoned for over 24 hours.

20. Plaintiff was charged with violations of PL section 230.04, Patronizing a prostitute.

21. The plaintiff was seized searched and cuffed and arrested all without probable cause.

22. The defendant Police Officer Kamal Dahib, Police Officer Soto Germosen thereafter conspired and caused false charges to be lodged against the claimant and in furtherance of said conspiracy said officers caused false documentation to be prepared and produced to the Court and prosecutor's office.

23. The claimant was maliciously prosecuted and forced to appear in Criminal Court at least 12 different dates under Docket #2014BX016587.

24. On August 11, 2015, the matter was dismissed and sealed.

25 That the defendant officers caused plaintiff to be seized and held all without probable cause.

26. The plaintiff was wholly innocent of all charges.

27. That defendant officers and other unidentified officers failed to intervene to prevent the violations of plaintiff's civil rights from both occurring and continuing to occur.

28. That the defendant was caused to loose time from work, to pay $500 fee for the return of his vehicle and had to pay attorney fees.

29. As a result of the defendants' false arrest and the violation of plaintiff's civil rights the plaintiff

3

was caused to suffer irreparable harm, loss of liberty, economic injury, exacerbation of prior existing injury and other injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S
## CIVIL RIGHTS §1983

30. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

31. The conduct and actions of Defendants Police Officer Kamal Dahib, Police Officer Soto Germosen, and other unidentified officers under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to false arrest, unlawful imprisonment against plaintiff's will and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

   (a) Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

   (b) Plaintiff was deprived of his Fourth Amendment constitutional right to be free from unreasonable seizures of his person;

   (c) Plaintiff was deprived of his Fourth Amendment constitutional right to be free from unreasonable seizures of his property;

   (d) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

   (e) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

32. As a result of the defendant's conduct, plaintiff MICHAEL ALLEN was deprived of liberty, sustained emotional and physical injury, humiliation, economic loss, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. §1985
## CONSPIRACY

33.  Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

34.  Each and everyone of the above captioned defendants, acting under color of law, individually and collectively, by way of their actions, omissions and conduct as alleged and set forth in the proceeding paragraphs, did expressly and impliedly conspire to deprive Plaintiff of his Fourth, Fifth and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully conceal the identity of the assailant officer by lying and concealing evidence, thereby hindering and obstructing the due course of justice, with the intent to deny plaintiff the equal protection of the laws.

35.  That all of said defendants acted in further concert, to withhold information impeded prosecution of suit, and act in other such ways as to conceal the Defendants' unlawful acts and deprivation of constitutional and statutory rights secured to Plaintiff.

36.  Each of the Defendants separately and in concert acted outside the scope of their jurisdiction and without authorization of law, and each of the defendants separately and in concert acted willfully, knowingly and purposefully with the specific intent to deny Plaintiff equal protection of the law and obstruct justice in this matter.

37.  As a result of said conspiracy by the Defendants, the Plaintiff has sustained emotional injuries, mental suffering, humiliation, economic harm, embarrassment and otherwise harmed, and damaged and injured.

## AS FOR A THIRD CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

38.  Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

39.  The Defendant officer and other unidentified officers issued legal process to place plaintiff under arrest and file false charges.

40.  Defendant officer arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

41. The Defendant officer acted with intent to do harm to plaintiff without excuse or justification.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### NYS CONSTITUTIONAL VIOLATIONS

42. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

43. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

   (a) Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

   (b) Plaintiff was deprived of his rights to be free from unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

   (c) Plaintiff was deprived of his rights to be free from unreasonable seizures and property; in violation of § 12 of the Constitution of the State of New York;

   (d) Plaintiff was deprived of his rights to equal protection of the law, in violation of § 11 of the Constitution of the State of New York;

   (e) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

44. As a result of the defendants' conduct, MICHAEL ALLEN was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### LIABILITY OF DEFENDANT CITY
### FOR CONSTITUTIONAL VIOLATIONS - MONELL (STATE & FEDERAL)

45. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

46. At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through

its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

47. The aforementioned customs policies, uses, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

48. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

49. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

50. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

51. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person causing false documents to be made, etc., and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivation of his civil rights.

52. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations,

there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

53. That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

54. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. Where officers fabricate charges, against citizens, cause them to be falsely arrested and maliciously prosecuted, where upward mobility of the officers within ranks is accomplished. This conduct of conscious disregard of innocence and lack of probable cause is open and notorious. This conduct is open and notorious and frequently used by officers to conceal improper conduct by said officers. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

55. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

56. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

57. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

    (a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

    (b) Has failed to properly train, instruct, and discipline police officers with regard to their violation of civil rights;

    (c) Has failed to properly instruct, and discipline police officers with regard to their fabrication of charges against innocent persons;

(d) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(e) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(f) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(g) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

58. Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

59. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

60. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

61. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

62. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

63. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 USC §1983 AND THE FOURTH AMENDMENT VIA MALICIOUS PROSECTUION

64. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

65. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

66. That said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights. The malicious prosecution ceased when the matter was dismissed and sealed on August 11, 2015.

67. That defendant officer and other unidentified officers swore falsely as to the alleged criminal actions attributed to plaintiff and caused him malicious prosecution to be commenced and continued.

68. That the defendants and other unidentified officers misrepresented and falsified evidence before both the District Attorney and the criminal court.

69. That the officers can be heard on tape acknowledging that no crime was committed by plaintiff yet said officers proceeded to arrest the plaintiff.

70. That this conduct is so egregious as to be shocking to violate substantive due process.

71. That the defendants did not make a complete and accurate statement of facts to the prosecutor.

72. That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

73. That the defendants acted with malice to initiate criminal proceedings against the plaintiff.

74. That the defendants were directly and actively involved in the construction of the criminal proceeding against the plaintiff.

75. That defendants acted with malice in their continuation of said false charges.

76. That defendants misrepresented and falsified evidence throughout all phases of the criminal

proceedings.

77. That as a condition of plaintiff's post arraignment release plaintiff was to return to court on 12 occasions; and moreso as a criminal defendant, plaintiff was required to render himself at all times amenable to the Court and processes of the Court and therefore was caused to remain in the State.

78. That the plaintiff was forced to appear in Court over 12 occasions over a course of 18 months.

79. That plaintiff had his vehicle unjustifiably impounded, lost the use of his car, and was forced to pay over $500 dollars for its return.

80. Notwithstanding the prejudice and fraudulent conduct of the defendant, the criminal proceeding were terminated in plaintiff's favor and all charges against him were dismissed.

81. That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

**WHEREFORE**, the plaintiff demands judgment:

A. Compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

B. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
March 10, 2016

Yours, etc.,

EDWARD ZALOBA, Esq.
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000